YELVERTON, Judge.
Twelve individual plaintiffs (whose names are listed in footnote one below),[1] alleging that they together owned an undivided one-fifth interest in 160 acres in Avo-yelles Parish, sued three defendants (named in footnote two below)[2] as co-owners demanding a partition by licitation. The defendants answered denying plaintiffs’ ownership and their consequent right to a partition contending that one of the defendants, Tyrone H. Dufour, was in possession of the entire property as sole owner under a valid title or, alternatively, based on acquisitive prescription.
Following trial the district court rendered judgment recognizing plaintiffs as the owners of an undivided one-fifth interest in 120 of the 160 acres described in the petition. Based upon its further finding that the property could be partitioned in kind, the district court ordered a partition in kind. Defendants appealed. We reverse and render judgment in favor of defendants dismissing plaintiffs’ suit.
In his written reasons for judgment the trial judge stated:
“The particular tract of land under litigation was not proved to be under certain possession by anyone until the 1970’s when the property was cleared and farmed.
“The deed under which plaintiffs claim shows that they own a one-fifth interest in the subject property and their tax receipts show that they continually paid property taxes from the time of original acquisition through trial date.
“Defendants have failed to show that they have adversely possessed the property as owners against the entire world for a period of time in excess of thirty years.”
It is apparent that the trial court held defendants to the burden of proving ownership. This was error. The burden of proving ownership was on plaintiffs because (as we shall hereafter explain) defendants were in possession. LSA-C.C. article 531 says:
“One who claims the ownership of an immovable against another in possession must prove that he has acquired ownership from a previous owner or by acquisitive prescription. If neither party is in possession, he need only prove a better title.”
The facts as demonstrated by the record show that the plaintiffs traced their chain *1172 of title back to Martin E. Lacour who acquired an undivided one-fifth interest in the property by purchase in 1907. Plaintiffs have paid taxes on an assessment of the one-fifth interest continuously since about 1940. Plaintiffs demonstrated no other acts of possession.
Defendants relied on a separate chain of conveyances going back to about the turn of the century. Their chain of title evidences a 100% interest, not an undivided interest. Although they produced no tax receipts they testified to continuous payment of taxes. The assessment rolls of Avoyelles Parish show Tyrone Dufour as owner of 100%. Apparently, as to a one-fifth interest there exists a double assessment on the rolls.
The trial court apparently considered the subject of defendants’ possession as being of significance only if it established a prescriptive title in defendants. Rather, its importance in the context of this case is whether defendants could demonstrate the possession required of a plaintiff in a pos-sessory action under LSA-C.C.P. articles 3658, 3660 and 3661. This is because possession is the arbiter of burden of proof under LSA-C.C.P. article 3654 when the issue of ownership is presented in an action for partition, just as possession is the arbiter of burden of proof when the issue of ownership is presented in a petitory action. Article 3654 reads as follows:
Art. 3654. Proof of title in action for declaratory judgment, concursus, expropriation, or similar proceeding
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or' of the real right therein is so presented, the court shall render judgment in favor of the party:
(1)Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2)Who proves better title to the immovable property or real right thereih, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
We agree with the trial court’s implicit finding of fact that the defendant Tyrone Dufour was in possession of the property at the time plaintiffs’ suit was filed (1982) and for at least one year prior to that time. The evidence discloses that defendant Tyrone H. Dufour acquired the property by acts translative of title and that he had been in corporeal possession of this farmland actually farming it after it was cleared in 1975. His corporeal possession was of the type required to commence the running of acquisitive prescription, of a type for which the land was destined or suitable, and he possessed it under acts of conveyances from others. Therefore, he was in possession at the time this suit for partition was brought and could demonstrate the possession required of a plaintiff in a possessory action. See LSA-C.C.P. articles 3658, 3660 and 3661 and Hawthorne v. Succession of Hawthorne, 419 So.2d 1295 (La.App. 3rd Cir.1982).
Under these circumstances plaintiffs’ burden of proof under LSA-C.C.P. article 3654(1) was the same as in a petitory action. Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974).
Thus, plaintiffs were required to prove that they had acquired ownership from a previous owner (in this case, since no common author is involved, this meant proof of a perfect record title back to the sovereign) or ownership by acquisitive prescription. Since plaintiffs proved neither, judgment should have been rendered in favor of defendants as required by C.C.P. article 3654.
The question of plaintiffs’ ownership arose in this case within the framework of an action for partition. Although defend *1173 ants pleaded acquisitive prescription of 30 and 10 years in their answer, their ownership was not an issue. Defendants prayed only for dismissal of plaintiffs’ case which is accomplished by the failure of plaintiffs to prove their ownership against defendants in possession. For these reasons we do not address the question of whether the defendant Tyrone Dufour has acquired ownership by acquisitive prescription.
We hold only that plaintiffs failed to prove ownership. Accordingly, we reverse the district court and render judgment in favor of defendants decreeing that the demands of plaintiffs are rejected and their suit is dismissed. Plaintiffs are to pay all costs in the district court and on appeal.
REVERSED AND RENDERED.

. Joyce Lacour Landry, Ned F. Lacour, Paul Lacour, George Vatter, Kate L. Bordelon, Ga-ston Bordelon, Jr., Sadie Joffrion Wright, Doris Joffrion Campbell, Dr. Van C. Joffrion, Dr. Don K. Joffrion, Shepard J. Perrin, Jr. and Doris Dean.

. Tyrone H. Dufour, Allen Dufour and Tessie Dufour Guillory.